JOHN J. TOMLIN v. PEOPLES RAPID TRANSIT COMPANY.

OSCAR RAYER v. PEOPLES RAPID TRANSIT COMPANY.

WILLIAM J. KELLEY, Sr., ADMINISTRATOR AD PROSE-QUENDUM OF THE ESTATE OF WILLIAM J. KELLEY, Jr., DECEASED v. PEOPLES RAPID TRANSIT COMPANY.

THOMAS DEERING v. PEOPLES RAPID TRANSIT COMPANY.

MARY KLEINZ, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF MARIE P. WALZ, v. PEOPLES RAPID TRANSIT COMPANY.

Decided January 14, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Frank T. Lloyd, Jr.*

*Contra, William C. French* and *William I. Garrison.*

PER CURIAM.

These cases were all tried together. They are based upon an accident occurring shortly after eight o'clock in the evening of April 9th, 1928; the accident being a collision between an automobile driven by the plaintiff Tomlin and occupied by the other plaintiffs, or their decedents, and a motor bus belonging to and operated by the defendant company. The trial resulted in a verdict in favor of each of the plaintiffs.

The basis of their claim for compensation was that as the automobile in which they were riding was traveling along the White Horse Pike toward Camden, and coming from Atlantic City, and on the right-hand side of the road, the driver of the bus, which was traveling in the opposite direction, suddenly swerved it across the highway and, as a result, collided with the automobile in which the plaintiffs were riding while it was still on the right side of the road.

The case submitted by the defendant was that the accident did not happen in the way just described, but that the collision was caused by the carelessness of the plaintiff Tomlin, who was driving rapidly along the road, and who attempted to pass another automobile which was in front of him and proceeding in the same direction, and in making this attempt suddenly swerved over to the wrong side of the road, apparently not observing the bus, and colliding with it, the collision occurring when the bus was on its right side of the road.

Our examination of the testimony leads us to the conclusion that the proofs submitted by the defendant so far outweighed those offered on behalf of the plaintiffs as to make it apparent that the verdicts were based not on the proofs but on the mistake or prejudice of the jury.

For this reason we conclude that the rules to show cause should, each of them, be made absolute.